# Rowand *v.* Germantown Trust Co., Appellant.

*Negligence — Automobiles — Pedestrian — Collision — Act of chauffeur—Respondeat superior.*

In an action to recover damages for personal injuries sustained by the plaintiff, a pedestrian, by reason of the sudden starting of the automobile of the defendant's decedent, the case is for the jury where it appears that the starting of the car was due to the negligent and improper operation of it by a person who had volunteered to drive it to a garage after the owner had been arrested, and there was testimony that the defendant's decedent had placed such person in charge of his car and described him as an experienced chauffeur.

Argued Feb. 3, 1915. Appeal, No. 109, Jan. T., 1914, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1910, No. 5595, on verdict for plaintiff in case of Annie Rowand v. Germantown Trust Company, Executor of the Will of James P. Fleming, deceased. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

From the record it appeared that defendant's decedent had been arrested on Broad street, Philadelphia, for the careless driving of his automobile, that while he was in custody another person named Maxwell, came up, stated to the officer that he knew defendant's decedent, that he knew how to handle the car and that he would take it to the garage.   The officer, who did not know him, asked defendant's decedent if this was correct and whether he knew the man and would let him take charge of the machine, to which he replied in the affirmative.   Maxwell then went into the street and started to crank the car; while he was so engaged, the car started, knocking him down, and the hub of one of the wheels caught in the plaintiff's dress and she was thrown to the ground, receiving the injuries complained of.

Verdict for the plaintiff for $3,000, and judgment thereon.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for binding instructions.

*Alfred D. Wiler,* for appellant, cited : Lingle v. Scranton Ry. Co. 214 Pa. 500 ;  Citizens Pass. Ry. Co. v. Ketcham, 122 Pa. 228 ;  McColligan v. Penna. R. R. Co., 214 Pa. 229 ;  Hartfield v. Roper & Newell, 21 Wend. 615.

*Thomas James Meagher,* for appellee :  Wallaston v. Park, 47 Pa. Superior Ct. 90.

PER CURIAM, March 1, 1915 :

The question of the liability of the estate of James P. Fleming for the injuries sustained by the appellee depends upon whether Maxwell was a mere interloper when he took charge of the automobile of the decedent or had been put in charge of it by the latter.   This was a pure question of fact for the jury, and, as there was testimony that Fleming had placed him in charge of his

car, describing him to a bystander as an experienced chauffeur, the verdict was justified.

Judgment affirmed.